Case 4:10-cv-00115-CVE-tlw   Document 23 Filed in USDC ND/OK on 05/25/10   Page 1 of 7


# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENISE GONZALES YINGST**, as surviving spouse and personal representative of the Estate of Phillip D. Yingst, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-CV-0115-CVE-TLW |
| **HUDSON INSURANCE COMPANY**, | ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Now before the Court is Defendant Hudson Insurance Company's Motion to Dismiss and Brief in Support (Dkt. # 10). Defendant Hudson Insurance Company (Hudson) argues that the Court lacks subject matter jurisdiction over this case, because plaintiff failed to provide Hudson notice of his insurance claim and there is no case or controversy before the Court.

**I.**

On August 17, 2009, Phillip Yingst was injured in an automobile accident, and plaintiff claims that Phillip Yingst had an automobile insurance policy issued by Hudson. Dkt. # 2, at 1. Plaintiff alleges that the policy provided uninsured/underinsured motorist coverage with a coverage limit of $1,000,000 and no fault medical payment coverage with an unspecified policy limit. Id. Plaintiff alleges that Phillip Yingst was not at fault in the accident, and he suffered severe injuries as a result of the accident. Plaintiff states that Phillip Yingst "put [Hudson] on notice of his injuries in the days following the accident," but Hudson failed to investigate his claim or pay any benefits under the uninsured/underinsured motorist and medical payment provisions of the policy. Dkt. # 2, at 2. On February 24, 2010, Phillip Yingst filed this lawsuit alleging that Hudson breached the

insurance contract and acted in bad faith by failing to pay his claim for uninsured/underinsured motorist or medical payment coverage. Phillip Yingst died shortly after this case was filed, and Denise Gonzales Yingst has been substituted as the plaintiff.[1]

Hudson states that it was not aware of plaintiff's insurance claim until it was served with process in this case, and plaintiff did not submit any type of notice to Hudson after the accident. Dkt. # 10, at 2. However, an Automobile Loss notice dated March 29, 2010 was made after this case was filed. Dkt. # 10-3, at 1. Hudson argues that Phillip Yingst's failure to provide notice of his insurance claim to Hudson before filing this case deprives this Court of subject matter jurisdiction, because there is not a case or controversy pending before the Court. Plaintiff responds that the complaint alleges that Phillip Yingst notified Hudson of the accident "in the days following the accident," and defendant's motion "is nothing more than a premature motion for summary judgment or a motion to dismiss pursuant to [Fed. R. Civ. P. 12(b)(6)], neither of which affords Hudson any relief." Dkt. # 2, at 2; Dkt. # 10, at 1. Plaintiff has also provided Phillip Yingst's handwritten notes and an attorney affidavit stating that Phillip Yingst attempted to give notice of his insurance claim to Hudson through the Burnett Insurance Corporation. Dkt. # 17-5, 17-6. The parties state that the Burnett Insurance Company is a producing agent for Hudson. Dkt. # 17, at 4; Dkt. # 20, at 4.

**II.**

Defendant argues that the Court should treat its motion to dismiss as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), but it is not clear from defendant's motion that the alleged lack of notice of Phillip Yingst's insurance claim goes to the Court's subject

---

[1]  Defendant's reply was filed with the wrong case caption, because the defendant still identifies Phillip Yingst as the named plaintiff. Defendant is advised to correct its case caption and list the appropriate plaintiff on all future filings.

2

matter jurisdiction. Notice of an insurance claim is generally required by an insurance policy, but adequate notice is a contractual requirement, not a prerequisite to the existence of a case or controversy under Article III of the United States Constitution. See Strong v. Hanover Ins. Co., 106 P.3d 604 (Okla. 2004) (inadequate notice of an insured's claim is a defense to payment under an insurance policy, and factual disputes as to the adequacy of notice went to the merits of the insured's breach of contract claim). Defendant may be arguing that Phillip Yingst did not actually file an insurance claim and, without an obligation for defendant to act, there is no case or controversy between the parties. Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414-415 (11th Cir. 1995) (no case or controversy existed when the insured had not filed a claim and its request for declaratory judgment was based only on its belief that the insurer would deny claim if one were actually filed). Defendant appears to be asserting both arguments, and the Court will treat defendant's motion as a Rule 12(b)(1) motion and a Rule 12(b)(6).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), a court must determine whether it has subject matter jurisdiction over the parties' claims. Rule 12(b)(1) motions are either facial or factual attacks on the sufficiency of the complaint:

> Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack . . . however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted). A court need not convert a 12(b)(1) motion to one for summary judgment when considering matters outside the pleadings. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). However, "a court is required to convert a Rule 12(b)(1) motion

to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." Id. The jurisdictional question is intertwined with the merits when subject matter jurisdiction is dependent on the same statute as the substantive claim. Id.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Hudson argues that it did not receive notice of plaintiff's insurance claim, and plaintiff's breach of contract and bad faith claims should be dismissed for lack of subject matter jurisdiction. Hudson also raises an alternative argument that Phillip Yingst's alleged notice was insufficient under the policy, and plaintiff has failed to state a claim upon which relief can be granted. Plaintiff responds that she has alleged that Phillip Yingst notified Hudson of his insurance claim and there is a case or controversy before the Court. She also argues that defendant's argument about the adequacy of the notice must be raised in a motion for summary judgment, but any such motion is premature until she has been given an opportunity to conduct discovery.

Hudson argues that plaintiff did not provide any notice of his insurance claim before filing this lawsuit, and there is no case or controversy before the Court. Under Article III of the United States Constitution, a federal court does not have jurisdiction to hear a matter unless there is a live case or controversy between the parties. Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997); Greater Yellowston Coalition v. Tidwell, 572 F.3d 1115, 1121 (10th Cir. 2009); Habecker v. Town of Estes Park, Colorado, 518 F.3d 1217, 1223 (10th Cir. 2008). This means that a case must present a dispute "which [is] appropriately resolved through the judicial process . . . ." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Wyoming v. United States Dep't of Agric., 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting Citizens for Responsible Gov't State Political Action Comm'n v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000)).

5

Plaintiff's case clearly meets this standard. Plaintiff has alleged that Phillip Yingst provided notice of his insurance claim to Hudson, and she has provided evidence that Phillip Yingst may have attempted to notify Hudson of his claim. In particular, plaintiff has produced Phillip Yingst's handwritten notes following the automobile accident. Dkt. # 17, Ex. 4. The notes are difficult to decipher, but there are references to insurance policy numbers and claim numbers in the notes. This suggests that Phillip Yingst made or attempted to make an insurance claim. Plaintiff's counsel has also submitted an affidavit stating that Phillip Yingst provided notice to the Burnett Insurance Corporation of his claim, because this agency was listed on the Certificate of Insurance and Phillip Yingst may not have had contact information for Hudson. Id., Ex. 5, at 1-2. However, Phillip Yingst has died and plaintiff's counsel states that this has "render[ed] discovery into his method of notice challenging." Dkt. # 17, at 5. There may be a factual dispute as to whether Phillip Yingst's method of giving notice to Hudson was sufficient or if Hudson actually received notice of Phillip Yingst's insurance claim, but plaintiff has provided some evidence to suggest that some type of notice was provided to Hudson. At this stage of the case, this is sufficient to show that there is a live case or controversy before the Court, and the Court will not dismiss this case due to an alleged lack of subject matter jurisdiction.

Defendant's argument concerning the sufficiency of notice under the policy is more properly treated as a motion to dismiss under Rule 12(b)(6). However, defendant's argument is premature, and this is not a basis to dismiss plaintiff's claims. Plaintiff alleges that Phillip Yingst "[p]ut Defendant on notice of his injuries in the days following the accident," but Hudson failed to acknowledge the claim. Dkt. # 2, at 2. Hudson disputes that the notice was sufficient, but this issue may not be resolved on a motion to dismiss. The complaint adequately alleges that Phillip Yingst

6

notified Hudson of his insurance claim, but Hudson did not acknowledge or take any action on his claim. Dkt. # 2, at 2. In addition, Hudson has not presented any legal authority concerning the sufficiency of notice as a matter of Oklahoma law. Instead, Hudson's argument is premised on the theory that it could not have breached the insurance policy or acted in bad faith claim when no insurance claim was filed. Hudson may re-urge this argument in a motion for summary judgment after plaintiff has an opportunity to conduct discovery on the issue of notice, but Hudson's motion to dismiss under Rule 12(b)(6) should be denied. The complaint states that Phillip Yingst notified Hudson of his insurance claim and plaintiff has alleged plausible claims of breach of contract and bad faith against Hudson.

**IT IS THEREFORE ORDERED** that Defendant Hudson Insurance Company's Motion to Dismiss and Brief in Support (Dkt. # 10) is **denied**.

**DATED** this 25th day of May, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT